


FILED

MAR 6 - 2015

DAVID CREWS, CLERK
BY_____
                    Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

CALVIN CANNADY                                          **PLAINTIFF**

**VERSUS**                      CIVIL ACTION NO: 1:15CV44-GHD-JMV

CLAY COUNTY, MISSISSIPPI                                **DEFENDANT**

                                              **JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover actual damages for violation of substantive due process of law. A supplemental state law claim is made for negligence in failing to bring Plaintiff properly before a judicial officer. The following facts support the action:

1.

Plaintiff, CALVIN CANNADY, is an adult resident citizen of 126 Dewitt St., Jackson, MS 39203.

2.

Defendant, CLAY COUNTY, MISSISSIPPI, is a political subdivision of the State of Mississippi, and takes official policy actions through its County Board of Supervisors and through its sheriff. It may be served with process upon its Chancery Clerk, Amy G. Berry, at 205 Court Street, West Point, Mississippi 39773. At all relevant times, Defendant acted under color of state law.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, civil rights jurisdiction under 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims. This action is authorized by 42 U.S.C. § 1983.

4.

On approximately March 11, 2011, Donnell Garrett, who was suspected of various crimes by Clay County authorities, gave an unsubstantiated, uncorroborated report to a Clay County Detective, Jimmy Birchfield, claiming that Plaintiff had participated in a burglary in Clay County, Mississippi. This statement was not sufficient to show probable cause in view of the lack of corroboration of Garrett's statement, and in view of the dubious character of Garrett.

5.

Nevertheless, an affidavit was signed by Detective Birchfield for Plaintiff's arrest, resulting in his being incarcerated in the Clay County Jail for several months.

6.

On October 10, 2011, a Clay County Grand Jury, without probable cause and based solely upon statements that had been made by Garrett to detectives, returned an indictment against Plaintiff charging him with burglary.

7.

Because there was no substantial evidence against Plaintiff, bail was set for only $5,000.00 by the sheriff. A circuit court judge reaffirmed that order of bail by order of July 9, 2012.

8.

Plaintiff made bail and was released from jail on approximately April 26, 2012.

2

9.

Thereafter, pursuant to an agreement under which Clay County, Mississippi pays for various court-appointed counsel, counsel was appointed to represent Plaintiff, but except for obtaining his signature on a waiver of arraignment, counsel did not inquire into his case.

10.

An order was entered setting the case for trial for October 10, 2012. Plaintiff was misinformed by law enforcement officers that his court-appointed counsel would take care of the matter, and Plaintiff, an uneducated person, erroneously assumed the matter was being taken care of because there was no evidence against him.

11.

Thereafter, on October 9, 2012, the day before the trial was set, an order was entered directing his arrest. The order directed the Sheriff of Clay County to have Plaintiff appear to court *instanter*. See Exhibit F to Notice of Claim, which is attached hereto as Exhibit "1."

12.

Despite the order the Plaintiff was to be brought before the court *instanter*, Clay County, Mississippi authorities failed and refused to bring Plaintiff before the court *instanter*, and no inquiry was ever made of the court as to the circumstances as to why no inquiry was made, and there was no opportunity given to Plaintiff to explain his situation or to show that there were circumstances which justified his failure to appear or that bail should be set or that, otherwise, trial should be reasonably held. Plaintiff wrote letters to the circuit court judge, circuit clerk, to the sheriff and to members of the Board of Supervisors of Clay County maintaining his innocence and demanding a speedy trial.

13.

Finally, on October 14, 2013, after Plaintiff had been in jail for one year, an order of *Nolle Prosse* was entered. The State made the false statement that it was unable to obtain a material witness, Garrett, as being the reason for the *Nolle Prosse*. See Exhibit G to Notice of Claim. In fact, Garrett was in the Clay County Jail at the time, and the reason was false.

14.

The real reason Plaintiff was not tried was there was no evidence against him.

15.

Through official decisions of the Sheriff and Board of Supervisors of Clay County, Mississippi, or non-action by the Sheriff and Board of Supervisors of Clay County, Mississippi, Plaintiff's request to be brought before the judge *instanter*, as the judge had specifically directed and a result thereof, Plaintiff was incarcerated for a period of one year, from October 30, 2012 through October 14, 2013.

16.

Additionally, a failure to obey a court order directing that a prisoner be brought before the judge *instanter* constitutes unlawful conduct and negligence under Mississippi law.

17.

Plaintiff's rights have been violated in the following respects: Plaintiff has been denied his United States Constitution Amendment Fourteen right to a fair and impartial due process hearing through officials ignoring Plaintiff's request to be brought before a judge. To cause one to be incarcerated for a year without giving him any notice of hearing or hearing as to why he should not be released prior to trial, constitutes a denial of "liberty" without due process in violation of the

4

Fourteenth Amendment. Additionally, failure to ignore Plaintiff's many requests to be brought for a trial constitutes negligence under Mississippi law.

18.

Plaintiff timely filed a Notice of Claim, attached hereto as Exhibit "A," and the requisite waiting period has expired.

19.

Plaintiff has suffered mental anxiety and stress as a result of Defendant's actions.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages in an amount to be determined by a jury both for violations of federal due process and violations of state law.

This the _16th_ day of _February_, 2015

Respectfully submitted,

BY: _Calvin Cannady_

CALVIN CANNADY, PRO SE

5

**BEFORE THE BOARD OF SUPERVISORS OF CLAY COUNTY, MISSISSIPPI AND THE SHERIFF'S DEPARTMENT OF CLAY COUNTY, MISSISSIPPI**

## NOTICE OF CLAIM OF CALVIN CANNADY

NOTICE IS HEREBY GIVEN of a claim for damages for Calvin Cannady (hereinafter "Cannady") pursuant to Miss. Code. Ann. § 11-46-11.

### NATURE OF THE CLAIM

This is a claim for damages for wrongful imprisonment extending from October 30, 2012 through and including October 14, 2013.

### STATEMENT OF THE FACTS AND CIRCUMSTANCES WHICH CAUSED THE INJURY

On approximately March 11, 2011, Donnell Garrett, who was suspected of various crimes by Clay County authorities, including a burglary of a building in West Point, Mississippi, gave false, malicious statements to a Clay County Detective, Jimmy Birchfield, claiming that Cannady has participated in a burglary. Garrett could have given these statements out of vindictiveness, or out of hopes that somehow such statements would assist him in the defense of various charges against him. Garrett falsely told Birchfield that Cannady had been involved in a burglary in West Point, Mississippi.

Based solely upon the false statement of Garrett, Birchfield signed an affidavit, charging Cannady with burglary and larceny of business, a copy of which is attached hereto as Exhibit "A." The affidavit was presented to a justice court judge who issued a warrant upon it, resulting in Cannady being incarcerated for several months, but no prosecution ever being pursued.

No probable cause hearing was ever held, meaning this arrest was arbitrary in violation of

13876.1



EXHIBIT

A

the Fourteenth Amendment to the United States Constitution and the due process clause of the United States Constitution. Nevertheless, the charges against Cannady were presented to a Clay County Grand Jury which returned an indictment on October 10, 2011, attached hereto as Exhibit "B."

Because of the fact that there was no evidence against Cannady, and the character of the evidence, Cannady had bail set for only $5,000.00. The Sheriff initially set bail for $5,000.00 as shown by Exhibit "C," and a circuit court judge reaffirmed the bail in Order of July 9, 2012, attached hereto as Exhibit "D." Cannady was released from jail, having made the bail on approximately April 26, 2012.

Cannady was instructed, pursuant to practice occurring in Clay County, Mississippi to appear in Court from day to day and term to term. He appeared at the Clay County courthouse several times during July 2012, although he was never brought before a judge. He signed a Waiver of Arraignment and Entry of Plea of not guilty on July 9, 2012, attached hereto as Exhibit "E." The Court appointed counsel to represent Cannady, but, except for obtaining his signature on the Waiver of Arraignment, and did not inquire into the case.

An Order was entered setting the case for trial on October 10, 2012. See Exhibit "D." Cannady, however, being an uneducated person, thought it unnecessary to appear because he had been informed by law enforcement officers that his court-appointed counsel would take care of the matter. Having made several trips to West Point, Mississippi, with no action being taken, Cannady assumed the matter was not going to be pursued, just as it had not been pursued in Justice Court. Out of ignorance, Cannady did not appear in response to the Order.

Thereafter, on October 9, 2012, the day before the order directed him to appear, an order was

13876.1

issued by Circuit Judge Lee S. Coleman, directing Cannady's arrest, and directing the Sheriff to bring Cannady to appear before him "instanter." See Exhibit "F."

Because of the official Clay County policy and procedure, and custom, Judge Coleman's Order to bring Cannady before him "instanter" was ignored. Cannady was not brought before a circuit judge, despite the court's order he be brought before the court "instanter."

Cannady, thereafter, began a pattern of writing letters to the circuit clerk, to the sheriff, to the judge and to members of the board of supervisors of Clay County, Mississippi maintaining his innocence and demanding a speedy trial. These letters were ignored until October 14, 2013 when the district attorney presented a Nolle Prosse to the circuit court. The Nolle Prosse order, attached hereto as Exhibit "G," falsely states that the case was being nolle prossed because "the State is unable to locate a material witness, Donnell Garrett." In fact, Garrett was in the Clay County Jail. The real reason for the dismissal was that the State had no credible evidence against Cannady.

Had Clay County followed the order of the circuit court, directing that Cannady be brought before the judge "instanter," the court could have inquired into the circumstances of Cannady's non-appearance, and into the circumstances of the charges, and either set an immediate trial, or order Cannady's release. Instead, Cannady remained continuously incarcerated despite his innocence for approximately one (1) year. This was in addition to the three months he was in jail when Clay County Justice Court kept Cannady incarcerated prior to the indictment.

The failure of the Sheriff of Clay County, Mississippi to honor the circuit court's order to bring Cannady before the judge instanter was a cause of Cannady's wrongful incarceration from October 30, 2012 to October 14, 2013.

Additionally, Cannady was entitled by the due process clauses of the Mississippi and United

13876.1

States Constitutions to a hearing as to the reasons for his failure to appear in Circuit Court, and to not be incarcerated for one (1) year without any judicial inquiry into the reason for his non-appearance.

Cannady was denied his rights under United States and Mississippi Constitutions, to a speedy trial, and to a hearing as to the reasons for his non-appearance during term of Clay County Circuit Court. Instead, Cannady was wrongfully incarcerated for a period of one (1) year, in addition to several months of pre-trial incarceration.

Clay County is liable to Cannady under State law for false imprisonment, negligence and deprivation of liberty without due process of law, and arbitrary failure to follow a circuit court order.

## EXTENT OF THE INJURY

Cannady's length of incarceration has caused him humiliation, embarrassment, and mental anxiety and stress.

## TIME AND PLACE INJURY OCCURRED

The injury occurred at the Clay County Jail from October 30, 2012 until October 14, 2013.

## NAMES OF PERSONS KNOWN TO BE INVOLVED

1. Jessie Anderson, West Point Police Department, 310 E. Westbrook Street, West Point, MS 39773, 662-494-1244.

2. Jimmy Birchfield, West Point Police Department, 310 E. Westbrook Street, West Point, MS 39773, 662-494-1244.

3. Jimmy Farris, Pontotoc Police Department, 225 W. Reynolds Street, Pontotoc, MS 38863, 662-489-7804.

4. Jaquelyn Salinas Palaco, Murphy Oil, Highway 45, West Point, Mississippi; 662-760-8876.

5. Donnell Garrett, Clay County Jail, West Point, MS.

13876.1

6.  Robert Harrell, Jr., Clay County Circuit Clerk, P O Box 364, West Point, MS 39773, 662-494-3384.

7.  Circuit Judge Lee S. Coleman, P O Drawer 1033, West Point, MS 39773, 662-494-4893.

8.  Eddie Scott, Clay County Sheriff, P O Box 142, West Point, MS 39773, 662-494-5154.

9.  Mark Cliett, Attorney, P O Box 1463, West Point, MS 39773, 662-494-4999.

10. Forrest Allgood, District Attorney, 220 N. 5th Street, Columbus, MS 662-329-5911.

11. Austin Vollor, Vollor Law Firm, P O Box 80120, Starkville, MS 662-323-0083.

**TOTAL AMOUNT OF DAMAGES SOUGHT**
**RESIDENCE OF CLAIMANT AT THE TIME OF THE INJURY**
**AND AT THE TIME OF FILING THE NOTICE**

Cannady seeks damages in the amount of $ 200,000 .

Respectfully submitted, this the 10th day of June, 2014.

Respectfully submitted,

WAIDE & ASSOCIATES, P.A.

BY: _____
JIM WAIDE
MS BAR NO.: 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
662-842-7324 TELEPHONE
662-842-8056 FACSIMILE
EMAIL: waide@waidelaw.com

ATTORNEYS FOR CLAIMANT

13876.1

**STATE OF MISSISSIPPI**
**COUNTY OF CLAY**
**CITY OF WEST POINT**

## A F F I D A V I T

Before me the undersigned Deputy Municipal Court Clerk of said City, <u>Sgt. Det. Jimmy Birchfield</u>, makes affidavit that <u>Calvin Cannady,</u>

on or about the <u>11</u> day of <u>March</u>, 20<u>11</u>, in the County aforesaid, in said City did willfully and unlawfully ,feloniously and burglariously break and enter Murphy Oil USA Hwy 45 South in West Point taken larg amount of cartons of cigarettes valued at $2000 property of Murphy Oil with the intent to steal at Muphy Oil USA Hwy 45 Soth West Point Ms. ,  Said offense having occurred within the Corporate limit of the City of West Point, County of Clay, State of Mississippi.  In violation of (97-17-33), Mississippi Code Annotated of 1972, as amended.

contrary to the form of the Statute in such cases made and provided, and against the Peace and Dignity of the State of Mississippi.

Sworn to and subscribed before me, this <u>11</u> day of <u>March</u>, 20<u>11</u>.

Deputy Municipal Court Clerk
West Point, Clay County, Mississippi

*Return to minicipal Cour*

EXHIBIT

A

BURGLARY AND LARCENY OF A BUSINESS (§97-17-33) 1 Count

THE STATE OF MISSISSIPPI                                    CIRCUIT COURT

CLAY COUNTY                                           NO. 9601

OCTOBER TERM , 2011

THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful men and women of said County, duly elected, empanelled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: that

**CALVIN CANNADY**

late of the County aforesaid, on or about the 8th day of February, 2011, in the County and State aforesaid, did unlawfully, willfully, feloniously, and burglariously break and enter a certain building, to-wit: Murphy Oil, in which building there were then and there goods, merchandise, equipment or some valuable thing kept for use, sale, deposit, or transportation, with the intent to unlawfully, willfully, feloniously and burglariously steal, and did willfully, unlawfully, feloniously and burglariously take, steal, and carry away the property of Murphy Oil, to-wit:

cartons of cigarettes;

having a total and aggregate value in excess of $500.00; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Mississippi

A TRUE BILL

_____          _____
DISTRICT ATTORNEY                   FOREMAN OF THE GRAND JURY

Filed  10  day of October , 20 11     Robert D Harrell  Clerk

Recorded  10  day of October , 20 11

Robert D Harrell                Clerk By _____ , D.C.

5097

**EXHIBIT**
B

*APPEARANCE BOND CIRCUIT COURT*

THE STATE OF MISSISSIPPI                          CASE NO.  9601

_____CLAY_____ COUNTY

*We, Calvin Cannady  Principal, and  ___Sherry Williams and Ace Surety Bail Bonding__ Sureties,*
*agree to pay the State of Mississippi $  5,000.00  Dollars, unless the said  Calvin Cannady  shall*
*appear at the next term of the Circuit Court of __CLAY__ County, and there remain from day to day*
*and term to term until discharged by law to answer the charges of  Burglary & Larceny of a Business.*

*(signature)* Principal
*(signature)* Surety
*(signature)* Ace Surety Bail Bonds
Surety

Approved:

*(signature) Eddie Scott*
_____ Sheriff

THE STATE OF MISSISSIPPI,
_____CLAY_____ County

*Personally appeared before me, ___EDDIE SCOTT___ Sheriff of said county, the above named*
*Calvin Cannady sureties on the above bond, who severally make oath, the said Sherry Williams and*
*Ace Surety Bail Bonding that she is worth the sum of ___$5,000.00___ Dollars over and above all*
*just and legal exemptions in property subject to levy and sale in the State.*

*(signature)* Surety
*(signature) Ace Surety Bail Bonds*
Surety

*Sworn to and subscribed before me, this 26th  day of  April ,2012*

*(signature) Eddie Scott* _____ Sheriff

FILED Clay County

MAY 1 0 2012

*Robert D Harrison*

FILED Clay County

MAY 0 9 2012

*Robert D Harrison*

EXHIBIT
C

1-21

Case: 13Cl1:11-cr-09601    Document #: 2    Filed: 10/10/2011    Page 31 of 37

IN THE CIRCUIT COURT OF ___CLAY___ COUNTY, MISSISSIPPI

___JULY___ TERM, ___2012___

STATE OF MISSISSIPPI

VERSUS                                                    NO: _9601 C_

Calvin Cannady
Burglary Business

### ORDER

The above named Defendant, together with counsel, _Jeff Hosford_, having

waived the arraignment and reading of the indictment and entered a plea of not guilty to said charge, it is hereby

ORDERED:

1. The Defendant is remanded to the custody of the Sheriff unless lawful approved bond is posted in

the amount of _5000. c^_

2. If discovery is required by the defendant, the request shall be made no later than

_August 1, 2012_, and completed thirty days from the date thereof.  Pretrial motions shall be filed and noticed

to the Court Administrator no later than _September 10, 2012_, the failure of which shall be abandonment

of said motions pursuant to Rule 9.04.

3. Final written plea agreements shall be filed no later than five days prior to the next term of Court,

with the entry of plea to be on _October 1, 2012_.

4. The Defendant's trial is set on _Oct 10, 2012_ at 9:00 a.m.

5. The Defendant acknowledges that his failure to appear on the above trial date, or for any subsequent

trial setting, may result in the Defendant being tried in his absence.

SO ORDERED, this the _9th_ day of _July_, 20 _12_.

_James J Kitchens_
CIRCUIT JUDGE

AGREED:

_Lindsay Clemons_ Asst. District Attorney

_____ Defendant's Attorney

_____ Defendant

EXHIBIT
D

FILED  Clay County

JUL 0 9 2012

_Robert D Hanson_

140/190

Case: 13CI1:11-cr-09601    Document #: 2    Filed: 10/10/2011    Page 26 of 37

## IN THE CIRCUIT OF CLAY COUNTY, MISSISSIPPI
### SIXTEENTH CIRCUIT COURT DISTRICT

STATE OF MISSISSIPPI
Vs.

_Calvin Canady_

NO. _9601_

### WAIVER OF ARRAIGNMENT AND ENTRY OF PLEA

COMES NOW THE DEFENDANT, _Calvin Canady_, IN OPEN COURT AND ACKNOWLEDGES SERVICE OF A COPY OF THE INDICTMENT ON A CHARGE OF _Burglary of a Business_ AND FOR PLEA TO SAID CHARGES, SAID DEFENDANT SAYS THAT (HE/SHE) OFFERS A PLEA OF NOT GUILTY.

WITNESS MY SIGNATURE, this the _9th_ day of _July_ 20_12_.

_[signature]_
ATTORNEY FOR DEFENDANT

_Calvin Canady_
DEFENDANT

BOND RECOMMENDATION _None_


EXHIBIT
E

Case: 13CI1:11-cr-09601    Document #: 4    Filed: 07/16/2012    Page 12 of 29

## BENCH WARRANT

### THE STATE OF MISSISSIPPI

CAUSE NO.: _9601C_

TO THE SHERIFF OR ANY OTHER LAWFUL OFFICER OF CLAY COUNTY, MISSISSIPPI – GREETING:

WE COMMAND YOU, as we have done heretofore, to take the body of _____

_Calvin Cassady_____, if to be found in your County, and

him/her safely keep, so you have his/her body before the Judge of our Circuit Court of the County of

Clay, at the County Courthouse in the City of West Point, Mississippi _instanter_ then and there to

answer to the State of Mississippi why he/she failed to appear on his/her appearance bond filed in the

above styled and numbered cause and answer to the State of Mississippi, on a charge of:

_Burglary and Larceny of a Business_____

HEREIN FAIL NOT, and have you then and there this Warrant.

This the __9th__ day of __October__, 20 _12_.

_Lee S. Coleman_____
CIRCUIT COURT JUDGE

**EXHIBIT**

tabbies

_F_

FILED  Clay County

OCT 0 9 2012

_Robert D Harrison Jr_

141 / 209

Case: 13CI1:11-cr-09601    Document #: 10    Filed: 10/14/2013    Page 1 of 1

IN THE CIRCUIT COUNTY OF CLAY COUNTY, MISSISSIPPI

_October_ TERM, 20 13

STATE OF MISSISSIPPI

CAUSE NO: 11-9601

VS.

_Calvin Cannady_

## NOLLE PROSSE

This day came on to be heard the within styled and numbered cause on Motion of the State of Mississippi to Nolle Prosse the above styled and numbered cause based upon _the fact_ _that the State is unable to locate a material witness,_ _Darnell Garret, and cannot meet its burden without said witness_

The Court having duly considered same finds that said Motion is well-taken and the above styled and numbered cause is hereby Nolle Prossed without prejudice.

SO ORDERED this the 14th day of _October_, 20 13.

_Lee S. Coleman_
CIRCUIT COURT JUDGE

FILED CLAY COUNTY
OCT 14 2013
_Ronnie D Hampton_ bp

EXHIBIT
G

144/268

# WAIDE & ASSOCIATES, P.A.
## ATTORNEYS AND COUNSELORS AT LAW

JIM WAIDE
LUTHER C. FISHER, IV
RON L. WOODRUFF

MAILING ADDRESS:
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802-1357
TELEPHONE: 662.842.7324
FACSIMILE: 662.842.8056
EMAIL: waide@waidelaw.com

STREET ADDRESS:
332 NORTH SPRING STREET
TUPELO, MISSISSIPPI 38804-1357

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Amy Berry
Clay County Chancery Clerk
P. O. Box 815
West Point, MS 39773

Lynn Horton
Clay County Board of Supervisors
P. O. Box 815
West Point, MS 39773

Luke Lummus
Clay County Board of Supervisors
P. O. Box 815
West Point, MS 39773

R. B. Davis
Clay County Board of Supervisors
P. O. Box 815
West Point, MS 39773

Shelton L. Deanes
Clay County Board of Supervisors
P. O. Box 815
West Point, MS 39773

13876.1

Notice of Claim
Page Two
_____

Floyd T. McKee
Clay County Board of Supervisors
P. O. Box 815
West Point, MS 39773

Mr. Eddie Scott
Sheriff of Clay County
P. O. Box 142
West Point, MS 39773

     RE:   Calvin Cannady Notice of Claim

Dear Ms. Berry, Board of Supervisors and Sheriff Scott:

     Please find enclosed herein a Notice of Claim on behalf of Calvin Cannady

     With kindest regards, I am

                      Sincerely yours,

                      Jim Waide /pN

                      JIM WAIDE

JDW/pbn
Enclosure
cc:   Calvin Cannady

13876.1

Calvin Carmody
126 Dewitt Street
Jackson, Ms. 39203

Clerk, U.S. District Court
P.O. Box 704
Aberdeen, Ms. 39730

RECEIVED
FEB 20 2015
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

X-RAYED

FOREVER USA

JACKSON MS 390

04 MAR 2015 PM 2 L

Calvin Carnard
126 Court Street
Jackson, Ms. 39203

**RECEIVED**

MAR - 6 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

Pro Se Law Clerk's Office
U. S. District Court Northern
District of Mississippi
301 W. Commerce St. #13
Aberdeen, Mississippi, 3973

397302S2001