IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CALVIN CANNADY                                                                    PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:15-cv-00044-GHD-JMV

CLAY COUNTY, MISSISSIPPI and
SHERIFF EDDIE SCOTT                                                              DEFENDANTS

ORDER

Presently before the Court are Defendant Sheriff Eddie Scott's motion for summary judgment [47] and Plaintiff's motion to strike [56] Defendant Sheriff Eddie Scott's reply [53] in support of his motion. Upon due consideration, the Court ORDERS as follows.

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by

1

. . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

In the case sub judice, the Court notes that the Plaintiff initially filed his complaint pro se without the assistance of counsel. The Plaintiff has now retained counsel to represent his interest in this litigation.

Defendant Sheriff Eddie Scott's motion for summary judgment [47] is not well taken, because there are genuine disputes of material fact, including but not limited to whether Defendant Sheriff Eddie Scott acted as directed by the subject bench warrant and whether the state court was made aware of Plaintiff's arrest and detention, as well as whether Defendant Sheriff Eddie Scott is qualifiedly immune from suit on the Sixth Amendment claim.

Furthermore, it is now apparent to the Court in reviewing this matter that this Court's September 17, 2015 Order [14] adopting without modification the United States Magistrate Judge's Report and Recommendation [12] is in error and that error or ambiguity must be corrected in the interest of justice as follows:

The Magistrate Judge's Report and Recommendation [12] identifies only three claims asserted by Plaintiff: probable cause for arrest, probable cause for pretrial detention, and violation of Plaintiff's Sixth Amendment right to a speedy trial. Plaintiff's complaint, however, asserts additional claims; these additional claims were not addressed in the Report and Recommendation. As those claims were plainly not addressed in the Report and Recommendation, they have not been dismissed and remain pending. Additionally, Defendant Clay County, Mississippi, which was terminated as a party defendant on the claims addressed in the Report and Recommendation on September 22, 2015, remains a party defendant as to the claims not addressed in the Report and Recommendation.

In order to allow the appropriate discovery to be conducted on these still pending issues, as well as on the issue of the belated production of the executed return of the warrant (the subject of Plaintiff's motion to strike [56]), the Court must continue the trial setting of this case which is presently set for October 17, 2016. The trial will be reset by subsequent order of this Court.

The Magistrate Judge assigned to the case is directed to immediately conduct an in-person case management conference for the purpose of its setting discovery and related deadlines, including deadlines by which any dispositive motions must be filed.

For all of these reasons, Defendant Sheriff Eddie Scott's motion for summary judgment [47] is DENIED as premature, and Plaintiff's motion to strike [56] Defendant Sheriff Eddie Scott's reply [53] in support of his motion is DENIED AS MOOT.

SO ORDERED, this, the 3rd day of October, 2016.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE