IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CALVIN CANNADY                                                                 PLAINTIFF

v.                                            CIVIL ACTION NO. 1:15-cv-00044-GHD-JMV

CLAY COUNTY, MISSISSIPPI and
SHERIFF EDDIE SCOTT                                         DEFENDANTS

## MEMORANDUM OPINION DENYING IN PART AND HOLDING IN ABEYANCE IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Presently before the Court is a motion for summary judgment [80] filed by Defendants Clay County, Mississippi and Sheriff Eddie Scott. Upon due consideration, the Court finds that the motion must be denied in part and held in abeyance in part, as follows.

### *I. Factual and Procedural Background*

On March 6, 2015, Plaintiff Calvin Cannady ("Plaintiff") filed a *pro se* complaint against Defendants Clay County, Mississippi ("Clay County") and Clay County Sheriff Eddie Scott ("Defendant Scott") (collectively, "Defendants"), asserting 42 U.S.C. § 1983 claims and state law claims. Although Plaintiff initially proceeded *pro se*, he is now represented by counsel. Plaintiff claims that he was wrongfully held in pretrial detention from October 29, 2012 through October 16, 2013[1] on a burglary charge that was dismissed *nolle prosse* on October 14, 2013. Thus, Plaintiff maintains he spent approximately one year in jail without having been found guilty of the crime for which he was charged, burglary. He argues that such a delay is a denial of due process of law under the Fourteenth Amendment through Section 1983, a violation of his right to a speedy trial under the Sixth Amendment through Section 1983, and negligence for

---

[1] The Court notes that Plaintiff alleges in the complaint that he was released on October 14, 2013, Pl.'s Compl. [1] ¶¶ 13, 15; but Plaintiff maintains in his response to Defendants' motion for summary judgment that he was released on October 16, 2013, Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] at 15.

failure to bring him before a judicial officer under Mississippi law. Defendants filed answers and affirmative defenses [21 & 76].[2] On April 17, 2017, Defendants filed the present motion for summary judgment [80] on the aforementioned claims. Plaintiff filed a response in opposition, and Defendants filed a reply. This matter is now ripe for review.

## II. Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by

---

[2] On August 19, 2015, the Magistrate Judge entered a Report and Recommendation [12], which this Court adopted in an Order [14] dated September 17, 2015, dismissing Plaintiff's claims that no probable cause existed for his arrest and pretrial detention. Subsequently, on June 15, 2016, Defendant Scott filed a motion for summary judgment [47]. Plaintiff filed a response, and Defendant Scott filed a reply. In an Order [62] dated October 3, 2016, this Court denied Defendant Scott's motion for summary judgment as premature and found that the case should proceed on additional claims asserted in Plaintiff's complaint against Defendants Clay County and Scott. This opinion addresses the additional claims, which are as follows: Fourteenth Amendment violation of due process, Sixth Amendment violation of right to speedy trial, and state law negligence for the alleged failure to bring Plaintiff before a judicial officer.

. . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). Where, as here, the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to Plaintiff. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III. Analysis and Discussion*

Defendants argue in their motion for summary judgment that Plaintiff's claims must be dismissed as a matter of law for the following purported reasons: **(1)** Plaintiff has failed to demonstrate municipal or county liability under Section 1983; **(2)** Defendant Scott was not the government official responsible for Plaintiff's right to a speedy trial under the Sixth Amendment, and Defendant Clay County's only involvement in the criminal case was the execution of the bench warrant for Plaintiff's arrest; **(3)** the Clay County Sheriff's office's failure to immediately file the bench warrant return is not a violation of due process; **(4)** Defendant Scott is protected by qualified immunity from suit; and **(5)** Plaintiff's state law negligence claims are barred under the Mississippi Tort Claims Act (the "MTCA") due to the police function exemption, MISS. CODE ANN. § 11-16-9(1)(c), and due to the incarceration exemption, MISS. CODE ANN. § 11-46-9(1)(m).

3

"The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." *Estate of Henson v. Wichita County, Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc)). Furthermore, the Sixth Amendment requires the government not to indefinitely delay in bringing defendants to trial in criminal prosecutions. *See United States v. Salerno*, 481 U.S. 739, 747, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987) (internal citations omitted) ("the maximum length of pretrial detention is limited by the stringent time limitations of the Speedy Trial Act"). "Though the state has a recognized interest in detaining defendants for trial, the substantive limits on state action set by the Due Process Clause provide that the state cannot punish a pretrial detainee." *Estate of Henson*, 795 F.3d at 462. In the Fifth Circuit, "the legal standard used to measure the due process rights of pretrial detainees depends on whether the detainee challenges the constitutionality of a condition of his confinement or whether he challenges an episodic act or omission of an individual state official." *Id.* (citing *Hare*, 74 F.3d at 644–45). "[W]here the complained-of harm is a particular act or omission of one or more officials, the action is characterized properly as an 'episodic act or omission' case . . . ." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). "In such a case, an actor is 'interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission.'" *Id.*

In the case *sub judice*, Plaintiff challenges the episodic act or omission of an individual state official, Defendant Scott, for not filing the return on the bench warrant for Plaintiff's arrest; Plaintiff also challenges Defendant Clay County's alleged lack of policy, custom, or rule that caused inaction and failure to make inquiry of Plaintiff's status while he was incarcerated

4

awaiting trial for nearly one full year. Fifth Circuit case law establishes that " "[a] single decision may create municipal liability if that decision [is] made by a final policymaker responsible for that activity.' " *Harris v. Payne*, 254 F. App'x 410, 422 (5th Cir. 2007) (per curiam) (quoting *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (internal quotation marks omitted)). Furthermore, " '[s]heriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties.' " *Id.* (quoting *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)). Therefore, Defendant Clay County is potentially liable for Defendant Scott's acts as sheriff, because he is a final policymaker for Defendant Clay County, regardless of the existence of a policy or custom. *See id.*

The undisputed facts giving rise to this suit are as follows. On March 11, 2011, a suspect in various crimes in Clay County reported to Clay County detective Jimmy Burchfield that Plaintiff had participated in a burglary; based on the suspect's statement, Detective Burchfield signed an affidavit for Plaintiff's arrest.[3] Subsequently, on October 10, 2011, Plaintiff was indicted on the burglary charge.[4] On April 26, 2012, Plaintiff was released from jail on bond.[5] On June 9, 2012, Plaintiff waived his arraignment and entered a plea of not guilty.[6] Trial was initially set on the burglary charge on October 10, 2012.[7,8] The day before trial was set, October

---

[3] Pl.'s Compl [1] ¶ 5; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 2.

[4] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 8; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 2.

[5] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 9; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 2; Clay Cty. Cir. Ct.'s Appearance Bond [1] at 13.

[6] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 12; Clay Cty. Cir. Ct.'s Order [1] at 14.

[7] Pl.'s Compl. [1] ¶ 10; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 2; Clay Cty. Cir. Ct.'s Order [1] at 14.

9, 2012, the Circuit Court of Clay County entered an Order directing Plaintiff's arrest and directing Defendant Scott, as Sheriff of Clay County, to have Plaintiff appear to court "instanter then and there to answer to the State of Mississippi why [Plaintiff] failed to appear on [his] appearance bond . . . on a charge of [b]urglary and [l]arceny of a [b]usiness"; this was concerning Plaintiff's failure to appear at a pre-trial status conference.[9] On October 29, 2012, the Flowood Police Department arrested and detained Plaintiff pursuant to the bench warrant.[10] Subsequently, on November 9, 2012, pursuant to the bench warrant, Plaintiff was picked up at the Rankin County Jail and transported to the Clay County Jail.[11] However, the return on the bench warrant was not filed in the Clay County Circuit Court's office until January 15, 2013, approximately two months after the bench warrant was executed.[12] Plaintiff was incarcerated from the date he was arrested pursuant to the bench warrant until October 14, 2013, when the Circuit Court of Clay County dismissed the charges against Plaintiff in an order of *nolle prosse*, "based upon the fact that the State is unable to locate a material witness . . . and cannot meet its burden without said witness."[13]

---

[8] According to Plaintiff, during this timeframe, he was out on bond and traveled from Jackson, Mississippi to Clay County, Mississippi two or three times to attend preliminary hearings in Justice Court. Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 11; Pl.'s Dep. [80-2] at 12–13.

[9] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 13, 4; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 2; Bench Warrant [1] at 16.

[10] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 14; Pl.'s Dep. [80-2] at 13; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 3.

[11] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 15; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 3–4.

[12] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] at 4; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 3; Bench Warrant [80-1] at 21.

[13] Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] ¶ 15; Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 5; Clay Cty. Cir. Ct.'s *Nolle Prosse* [1] at 17.

Although all of the foregoing facts are not in dispute, the facts concerning the events and circumstances of Plaintiff's incarceration, his trial setting, his representation by counsel, the handling of his *pro se* motions, and what effect—if any—the delay in execution of the bench warrant had on the length of his incarceration and trial setting are largely in dispute; such facts are material in the case *sub judice*. Key to these disputes of fact is Plaintiff's argument that due to Defendant Scott's failure to timely file a return on the bench warrant and commission of other subsequent failures and omissions, including failure to make an inquiry of why no inquiry was made concerning Plaintiff's status, Plaintiff was incarcerated nearly one full year, during which time Plaintiff alleges he was never brought before the Circuit Court of Clay County.[14]

Defendants maintain that no constitutional delay occurred, despite the untimely filing of the bench warrant, because the first available court date was in January of 2013.[15] However, much remains unclear about the circumstances of Plaintiff's trial settings and continuances and whether Defendants were aware of Plaintiff's incarceration.[16]

Plaintiff maintains that during his incarceration he "was never brought before the [c]ourt," and "[a]t no time did any officials from the [s]heriff's department make any inquiries of [Plaintiff] regarding [his] appearance before the Circuit Court [of Clay County]."[17] Plaintiff

---

[14] Pl.'s Compl. [1] ¶ 12; Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] at 4, 9.

[15] Defs.' Mem. Br. Supp. Mot. Summ. J. [81] at 4–5, 9; Def. Scott's Dep. [80-1] at 56.

[16] *See, e.g.*, Def. Scott's Dep. [80-1] at 34 ("I don't know what happened in January. We had him at court."); Def. Scott's Suppl. Aff. [53-1] ¶ 3 (During the 2-month delay in the filing of return on the bench warrant, "I expect that our office made the circuit clerk's office aware of [Plaintiff's] arrest, but that the return was not delivered and stamp[-]filed until January because that was the next term of court and [Plaintiff's] case would generally not be called until that time."); Harrell's Dep. [80-4] at 21–22 (As circuit clerk, he considered it a "good possibility that [Plaintiff] would have never been put on the docket in January [2013]," because the bench warrant was not properly and timely executed and that "[i]t w[ould] still be put on the progress sheet that this person has an outstanding *nisi*, or a bench warrant waiting on that defendant. And then until we know, then yes, it sits there.").

7

attaches to his response copies of motions he apparently filed *pro se* during his incarceration in Clay County Jail, including a motion for speedy trial [86-11] apparently filed on February 11, 2013, and a motion for no continuation or delay [86-12] apparently filed on March 12, 2013. Plaintiff has raised genuine disputes of fact concerning the alleged delay in his release, the circumstances of his incarceration, and trial settings, continuances, and speedy trial requests—all of which are material to the case *sub judice*. Therefore, genuine disputes of fact exist that preclude summary judgment on Plaintiff's claims.

Next, the Court addresses the qualified immunity defense raised by Defendant Scott on the Section 1983 claims against him. " 'Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right.' " *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016) (quoting *Mace v. City of Palestine, Tex.*, 333 F.3d 621, 623 (5th Cir. 2003)). "Once a defendant asserts the qualified immunity defense, '[t]he plaintiff bears the burden of negating qualified immunity.' " *Id.* (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)). " 'A plaintiff seeking to overcome qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.' " *Cass v. City of Abilene, Tex.*, 814 F.3d 721, 728 (5th Cir. 2016) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (internal quotation marks and citation omitted)). "Despite this burden-shifting, all reasonable inferences must be drawn in the non-movant plaintiff's favor." *Id.* (citing *Brown*, 623 F.3d at 253).

Defendant Scott argues that he is entitled to qualified immunity on the Sixth Amendment claim, because Plaintiff has produced no evidence that Defendant Scott was the responsible

---

[17] Pl.'s Compl. [1] ¶¶ 8–9.

official concerning any delays in the criminal case and cannot produce evidence that Defendant Scott's actions were objectively unreasonable. Defendant Scott further argues that he is entitled to qualified immunity on the Fourteenth Amendment due process claim, because any mistakes in the execution and filing of the return on the bench warrant were inadvertent and caused no delays in the criminal case.

Plaintiff argues that Defendant Scott's alleged failure to obey court orders deprived Plaintiff of his Fourteenth Amendment right to due process and Sixth Amendment right to a speedy trial, that Defendant Scott was the state official tasked with bringing Plaintiff before the court instanter, and that his alleged failure to do so was objectively unreasonable. In support of his argument against qualified immunity, Plaintiff cites to the deposition testimony of Defendant Scott that he failed to execute the bench warrant and timely notify the Circuit Court of Plaintiff's incarceration.[18]

The Court finds that it cannot at this juncture ascertain the availability of the qualified immunity defense. *See Randle v. Lockwood*, 666 F. App'x 333, 336 n.6 (5th Cir. 2016) (per curiam) (citing *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015)). In reaching this conclusion, this Court applied the Fifth Circuit's two-step procedure, specifically, (1) determining that Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity; and (2) finding that deferring a final determination on the qualified immunity defense until trial is appropriate given the need for further factual development to decide the issue. *See id.* (citing *Hinojosa*, 807 F.3d at 664). Therefore, the Court finds that the

---

[18] *See* Pl.'s Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. Summ. J. [85] at 17 (citing Def. Scott's Dep. [84-4] at 58).

portion of the motion for summary judgment pertaining to qualified immunity shall be held in abeyance until the trial in this cause.

Finally, Defendants argue that they are sovereignly immune from suit on the state law negligence claim pursuant to Mississippi Code § 11-46-9(1)(c) and (m).

Mississippi Code § 11-46-9(1)(c) provides for no waiver of immunity for "[a] governmental entity and its employees acting within the course and scope of their employment or duties . . . [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police . . . protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury[.]" MISS. CODE ANN. § 11–46–9(1)(c). Defendants argue that the negligence claim is barred by the police function exemption, because Plaintiff has produced no proof that Defendant Scott or anyone in his office acted with "reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *See* MISS. CODE ANN. § 11-46-9(1)(c). Plaintiff argues that Defendant Scott's detention of Plaintiff was not related to police protection and was an improper act not affording Defendants sovereign immunity.

As stated, Defendants further argue that they are entitled to sovereign immunity under Mississippi Code § 11-46-9(1)(m). "Under Mississippi law, an exemption for the waiver for sovereign immunity exists if the defendants are government officials acting in the course and scope of their employment and the complainant was incarcerated at the time of the alleged acts." *Jones v. City of Jackson, Miss.*, 203 F.3d 875, 881 (5th Cir. 2000) (citing MISS. CODE ANN. § 11–46–9(1)(m)). Mississippi Code § 11-46-9(1)(m) provides for no waiver of immunity for "[a] governmental entity and its employees acting within the course and scope of their employment or

10

duties . . . on the claim "[o]f any claimant who at the time the claim arises is an inmate of any . . . jail . . . regardless of whether such claimant is or is not an inmate of any . . . jail . . . when the claim is filed[.]" MISS. CODE ANN. § 11-46-9(1)(m). Plaintiff argues that issues of fact exist on whether Defendant Scott breached his statutory duties and, if so, whether Defendant Scott was acting outside the scope of his employment or duties at the time of the events giving rise to this suit. Without question, Plaintiff was incarcerated at the time of the events at issue. However, the record before the Court is not clear on Defendant's Scott's alleged actions and inactions with respect to the pretrial detention of Plaintiff. Therefore, the Court cannot at this juncture determine whether Defendants were acting "within the course and scope of their employment or duties." MISS. CODE ANN. § 11-46-9(1).

Just as further factual development is necessary for a ruling on the qualified immunity defense, so, too, is factual development necessary for a ruling on the sovereign immunity defense. Therefore, the Court finds that the portion of the motion for summary judgment pertaining to sovereign immunity shall be held in abeyance until the trial in this cause.

## IV. Conclusion

Based on all of the foregoing, the Court finds that the motion for summary judgment [80] filed by Defendants Clay County, Mississippi and Sheriff Eddie Scott shall be DENIED IN PART AND HELD IN ABEYANCE IN PART, as follows: (1) DENIED insofar as genuine disputes of fact exist that preclude summary judgment on the merits of Plaintiff Calvin Cannady's claims; and (2) HELD IN ABEYANCE insofar as the qualified immunity and sovereign immunity defenses shall be ruled on at the trial in this cause.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of September, 2017.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE